IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

CENTENNIAL BANK,
      Plaintiff,
vs.                                    Case No.: 5:12cv114/RS/EMT

HEINZ W. FALKE, ELIZABETH D. FALKE, and
MARSHA B. BARBARIA,
      Defendants.
_____/

## ORDER and REPORT AND RECOMMENDATION

     This case has been referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b). Pending is the motion for summary judgment pursuant to Fed. R. Civ. P. 56 filed by Plaintiff Centennial Bank ("Plaintiff") (doc. 19; statement of facts at doc. 20; affidavit at doc. 21), to which the pro se Defendants Heinz W. Falke ("H. Falke"), Elizabeth D. Falke ("E. Falke"), and Marsha B. Barbaria ("Barbaria") (collectively, "Defendants") have not responded. Also before the court is Plaintiff's notice of suggestion of bankruptcy as to Barbaria and request for entry of final judgment as to H. Falke and E. Falke pursuant to Fed. R. Civ. P. 54(b) (doc. 40). As set forth below, these proceedings have been automatically stayed as to Barbaria; as to H. Falke and E. Falke, this court recommends that Plaintiff's Rule 56 motion for summary judgment be granted and that the judgment be certified pursuant to Rule 54(b).

## BACKGROUND

     Plaintiff initiated this diversity action under 28 U.S.C. § 1332 on April 18, 2012, by filing a complaint asserting Defendants' breach of contract related to a promissory note (doc. 1). Defendants were duly served with legal process (docs. 5, 6, 9), and each Defendant filed an identical answer to the complaint (docs. 13, 14, 15). In their answers Defendants admit that Plaintiff is an

Arkansas banking corporation with its principal place of business in Arkansas, that H. Falke and E. Falke are citizens of Bay County, Florida, and that Barbaria is a citizen of Lee County, Florida. Defendants denied all other allegations of the complaint, on the ground he or she was without knowledge. None of the Defendants raised affirmative defenses.

The following facts are derived from Plaintiff's statement of material facts as to which there is no genuine issue to be tried (doc. 20). As noted, Defendants did not respond to the motion and thus did not file a statement of facts controverting any of the facts asserted by Plaintiff.[1] Defendants thus are deemed to have admitted these facts, which are undisputed for summary judgment purposes. *See* N.D. Fla. Loc. R. 56.1(A).

Defendants executed and delivered a promissory note to Coastal Community Bank ("Coastal") on December 16, 2005 (maturity date December 15, 2007), in the initial principal amount of $240,000.00 (doc. 20, ¶ 1; doc. 21, ¶ 9, affidavit of Sherry McGinn, Special Asset Legal Coordinator-Florida region for Plaintiff). Defendants executed and delivered a second promissory note to Coastal on January 7, 2008 (maturity date January 7, 2010), in the amount of $240,000.00 that renewed their obligations under the December 16, 2005, note (doc. 20, ¶ 2; doc. 21, ¶ 10). Defendants executed and delivered a third promissory note to Coastal on February 18, 2010 (maturity date February 18, 2013), renewing their obligations in the amount of $239,650.00 (doc. 20, ¶ 3; doc. 21, ¶ 11). Plaintiff, who is the successor in interest to Coastal (doc. 21, ¶1), owns and holds these notes (doc. 20, ¶ 4; doc. 21, ¶ 12).[2]

Defendants failed to make the payment due for May 19, 2011, and all subsequent payments (doc. 20, ¶ 5; doc. 21, ¶ 13). Plaintiff consequently accelerated all amounts due and owing (doc. 21, ¶ 13). Plaintiff accepted a partial payment on the loan post-acceleration from the proceeds of a sale of the collateral previously securing the loan. These proceeds were applied to the loan balance

---

[1] On July 17, 2012, the undersigned issued an advisement order informing the parties of the importance and ramifications of summary judgment consideration and providing them with information as to the requirements for materials submitted for Rule 56 review (doc. 26). The order advised Defendants that they must file and serve a separate, short and concise statement of the material facts as to which it is contended there exists a genuine issue to be tried, in the format set forth in Rule 56.1(A) of the Local Rules of the Northern District of Florida (*id.*). The court also advised that failure to comply with the order directing a response may result in a recommendation that Plaintiff's motion be granted and that final judgment be entered in favor of Plaintiff (*id.*).

[2] Photocopies of the notes are attached as exhibits to Plaintiff's complaint (docs. 1-1, 1-2, 1-3)

without waiver of Plaintiff's right to pursue the deficiency balance remaining as provided under the loan documents (doc. 20, ¶ 7; doc. 21, ¶ 15). Owing to Plaintiff pursuant to the terms and conditions of the February 18, 2010, promissory note is the total amount of $180,971.32, or $160,264.38 (principal); $20,089.47 (interest as of June 12, 2012); $217.47 (late fees); and $400.00 (appraisal fee) (doc. 20, ¶ 8; doc. 21, ¶ 16). Daily interest accrues at the rate of $26.71 (*id.*).

Plaintiff filed its motion for summary judgment on June 25, 2012 (docs. 18–21), and in an order issued July 17, 2012, the court gave Defendants until August 17, 2012, in which to respond (doc. 26). When Defendants failed to timely respond, the court issued an order to show cause why the motion for summary judgment should not be granted (doc. 34). Defendants failed to respond by September 28, 2012, as directed (*see id.*). On November 9, 2012, Plaintiff filed its notice of suggestion of bankruptcy and stay as to Barbaria and request for Rule 54(b) certification (doc. 40).

## APPLICABLE LEGAL STANDARDS

### Summary Judgment Under Fed. R. Civ. P. 56

At summary judgment the court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251, 106 S. Ct. 2505, 2512 (1986). The moving party has the burden of showing the absence of a genuine issue as to any material fact, and in deciding whether the movant has met this burden, the court must view the movant's evidence and all factual inferences arising from it in the light most favorable to the nonmoving party. Adickes v. S.H. Kress & Co., 398 U.S. 144 (1970); Fitzpatrick v. City of Atlanta, 2 F.3d 1112, 1115 (11th Cir. 1993). Thus, if reasonable minds could differ on the inferences arising from undisputed facts, a court should deny summary judgment. Miranda v. B & B Cash Grocery Store, Inc., 975 F.2d 1518, 1534 (11th Cir. 1992) (citing Mercantile Bank & Trust v. Fidelity & Deposit Co., 750 F.2d 838, 841 (11th Cir. 1985)). A mere "scintilla" of evidence supporting the nonmoving party's position, however, will not suffice; there must be enough of a showing that the jury could reasonably find for that party. Walker v. Darby, 911 F.2d 1573, 1577 (11th Cir. 1990) (citing Anderson, 477 U.S. at 251).

In a case in which a motion for summary judgment is unopposed, the movant is still required to show it is entitled to judgment on the merits, based on evidentiary materials in the record. *See*

<u>Dunlap v. Transam. Occidential Life Ins. Co.</u>, 858F.2d 629, 632 (11th Cir.1988). "[T]he district court cannot base the entry of summary judgment on the mere fact that the motion [is] unopposed but, rather, must consider the merits of the motion." <u>United States v. One Piece of Real Property Located at 5800 SW 74th Ave., Miami, Fla.</u>, 363 F.3d 1099, 1101 (11th Cir. 2004) (citation omitted). Specifically, the court "must still review the movant's citations to the record to determine if there is, indeed, no genuine issue of material fact." <u>Mann v. Taser Int'l, Inc.</u>, 588 F.3d 1291, 1303 (11th Cir. 2009) (citation omitted).

**Breach of Contract**

Federal courts sitting in diversity generally apply state law to questions of contract interpretation. *See, e.g.,* <u>In re Chira</u>, 567 F.3d 1307, 1311 (11th Cir. 2009) ("The interpretation of private contracts is ordinarily a question of state law.") (quotations and citations omitted). Under Florida law, the elements of a breach of contract action are (1) a valid contract, (2) a material breach, and (3) damages. <u>Beck v. Lazard Freres & Co., LLC</u>, 175 F.3d 913, 914 (11th Cir. 1999) (citing <u>Abruzzo v. Haller</u>, 603 So. 2d 1338, 1340 (Fla. 1st DCA 1992)). Claims for breach of guarantees are "straightforward state-law breach of contract claims." *See* <u>Reiter Petroleum, Inc. v. Gallant</u>, No. 11-61254-CIV, 2011 WL 4055392, *2 (S.D. Fla. Sept. 13, 2011) (citing <u>Modern Gaming, Inc. v. Malone</u>, No. 6:10-cv-182-Orl-28DAB, 2010 WL 724434, *2 (M.D. Fla. Feb. 24, 2010)).

**Judgment Involving Multiple Parties Pursuant to Fed. R. Civ. P. 54(b)**

Pursuant to Rule 54(b), the court may "direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Otherwise, an adjudication of fewer than all the claims or the rights and liabilities of all the parties is not an appealable final decision. <u>In re Southeast Banking Corp.</u>, 69 F.3d 1539, 1547 (11th Cir. 1995) (purpose of Rule 54(b) is to prohibit piecemeal appeals). The Supreme Court has outlined a two-prong analysis for determining whether a judgment should be certified under Rule 54(b). *See* <u>Curtiss-Wright Corp. v. General Elec. Co.</u>, 446 U.S. 1, 7–8, 100 S. Ct. 1460, 1464, 64 L. Ed. 2d 1 (1980). First, the district court must determine whether the judgment is final. Second, the court must determine whether there is any just reason to delay entry of an individual final judgment. *See, e.g.,* <u>In re S.E. Banking Corp.</u>, 69 F.3d at 1546; <u>Canadyne–Ga. Corp. v. Bank of Am.</u>, No. 5:96-CV-114-1(DF), 2001 WL 1571002, *1 (M.D. Ga. Dec. 5, 2001). While the district

court is authorized to certify a judgment under Rule 54(b) in the sound exercise of its discretion, the Eleventh Circuit has cautioned that Rule 54(b) certifications should be reserved for those cases "in which the costs and risks of multiplying the number of proceedings and of overcrowding the appellate docket are outbalanced by pressing needs of the litigants for an early and separate judgment as to some claims or parties.'" Ebrahimi v. City of Huntsville Bd. of Educ., 114 F. 3d 162, 166 (11th Cir. 1997) (per curiam) (quoting Morrison-Knudsen Co. v. Archer, 655 F.2d 962, 965 (9th Cir. 1981) (Kennedy, J.)).

## DISCUSSION

Subject matter jurisdiction is properly premised in this case on the parties' diversity of citizenship pursuant to 28 U.S.C. § 1332, and the court has jurisdiction over the parties.

The court first addresses the notice of suggestion of Barbaria's bankruptcy filed by Plaintiff (doc. 40). According to the notice, Barbaria filed a Chapter 13 bankruptcy petition in the United States Bankruptcy Court, Middle District of Florida, Case No. 9:12-bk-162780FMD, on October 26, 2012. Therefore, pursuant to 11 U.S.C. § 362, a stay of these proceedings is automatically in effect as to Barbaria only.[3]

Next, the court considers Plaintiff's Rule 56 motion. The evidence of record supplied by Plaintiff—which is unchallenged by Defendants—establishes that a valid contract exists between Plaintiff and Defendants; that Defendants materially breached the contract by failing to make certain payments required under the contract; and Plaintiff was damaged by Defendants' breach. Defendants have not asserted any affirmative defenses to Plaintiff's complaint. In short, Plaintiff has established each element of its claim, and no question of disputed fact exists which would prevent summary judgment in Plaintiff's favor against H. Falke and E. Falke. For these reasons, Plaintiff's motion for summary judgment against these Defendants is due to be granted.

The court must now consider whether judgment against H. Falke and E. Falke should be certified pursuant to Rule 54(b). As to the first prong of the Rule 54(b) inquiry, the Supreme Court explained in Curtiss-Wright Corp. that the judgment at issue "must be a 'judgment' in the sense that

---

[3] Plaintiff notes that the debt at issue in this action is not a consumer debt and thus a co-debtor stay under 11 U.S.C. § 1301(a) is not applicable (doc. 40 at 1).

it is a decision upon a cognizable claim for relief, and it must be 'final' in the sense that it is 'an ultimate disposition of an individual claim entered in the course of a multiple claims action.'" Curtiss-Wright Corp., 446 U.S. at 7. In In re Southeast Banking Corp., 69 F.3d at 1550, the Eleventh Circuit concluded that a complete disposition with respect to a particular defendant was "without question" a final judgment under Rule 54(b)). Here, Plaintiff can satisfy the first prong of the standard requiring a final judgment, since the Rule 56 ruling in Plaintiff's favor constitutes a judgment on a cognizable claim for relief against H. Falke and E. Falke and completely disposes of all claims against those Defendants.

As to the second prong, that is, whether there is any just reason to delay entry of an individual final judgment, the court notes that the Eleventh Circuit has instructed district courts to balance judicial administrative interests (which implicate the historic policy against piecemeal appeals) with relevant equitable concerns (which implicate hardship or injustice caused by delay that might be alleviated by the availability of immediate appeal). *See* Ebrahimi, 114 F. 3d at 165–66. With respect to judicial administrative interests, the legal issues involving H. Falke and E. Falke do not appear to be unique to them; rather, they likewise involve Barbaria. Thus Rule 54(b) certification could result in the Eleventh Circuit's having to decide the same issues more than once if there were multiple appeals. Accordingly, this factor seemingly counsels against certification. The court observes, though, that each of the notes signed by Defendants provides that the lender can sue each obligor "alone, or anyone else who is obligated on this note, or any number of [the obligors] together, to collect this note" (*see* docs. 1-1 at 2, 1-2 at 2, 4, 1-3 at 2). Thus Plaintiff could have brought as many as three separate suits, and possibly three separate appeals could have ensued, had it elected to proceed against the three Defendants individually. Or, had Plaintiff brought suit against just H. Falke and E. Falke together and Barbaria separately, there would have been two cases with two possible appeals—which is the same number of appeals that might result with Rule 54(b) certification. Moreover, the lack of complexity concerning the legal issues and the facts raised in Plaintiff's motion for summary judgment—facts that Barbaria should be deemed to have admitted due to her failure to respond to the motion, which response was due well before her seeking bankruptcy protection on October 26, 2012—mitigates any possible concern about wasting appellate judicial resources. Moreover, the court concludes that the equities at issue here favor certification.

Plaintiff contends it should be not be precluded from collecting against H. Falke and E. Falke until the stay is lifted or Barbaria's Chapter 13 plan is confirmed (doc. 40 at 2). Plaintiff does not specifically so state, but its argument implies that hardship would result if the judgment were not certified and it could not proceed immediately to collection but rather had to wait an uncertain length of time for the bankruptcy case to develop or conclude. Because there is no indication when Barbaria's bankruptcy stay will be lifted, which stay likely will result in a delay of many months if not longer, the court concludes that refusing to enter a final judgment against H. Falke and E. Falke at this time would unfairly prevent Plaintiff from recovering the funds owed by these two Defendants. In short, the court concludes that there is no just reason for delay of entry of final judgment against H. Falke and E. Falke. *See* Valpak Direct Marketing Systems, Inc. v. The Hiatt Group, LLC, No. 8:08-cv-382-T-33MAP, 2009 WL 1877322 (M.D. Fla. June 25, 2009) (in breach of contract action, entering final default judgment against corporation where lender's claims against corporation's owners were stayed in bankruptcy); ABS–SOS Plus Partners Ltd. v. Vein Associates of America, Inc., No. 6:08-cv-1409-Orl-31DAB, 2008 WL 5231852 (M.D. Fla. Dec. 12, 2008) (allowing final default judgment because of the unlikelihood of multiple appeals and lack of prejudice where lender's claims against third borrower were stayed in bankruptcy).

Accordingly, it is **ORDERED**:

The docket shall reflect that all proceedings in this case against Defendant Marsha B. Barbaria have been automatically **STAYED** under 11 U.S.C. § 362.

And it is respectfully **RECOMMENDED** that:

1.      Plaintiff's Motion for Summary Final Judgment (doc. 19) be **GRANTED**, as to Defendants Heinz W. Falke and Elizabeth D. Falke.

2.      Plaintiff's request for certification pursuant to Fed. R. Civ. P. 54(b) of the judgment against Defendants Heinz W. Falke and Elizabeth D. Falke (doc. 40) be **GRANTED**.

3.      If the district court adopts the recommendation to grant Plaintiff's Motion for Summary Final Judgment and request for Rule 54(b) certification, Plaintiff be directed to submit calculations of the current balances of the outstanding indebtedness with principal, accrued interest, late fees and appraisal fee, and the accrued interest rate within **FOURTEEN (14) DAYS** from the date of docketing of the district court's order.

4.      Plaintiff be awarded its costs and attorneys' fees incurred in this action in an amount to be determined by the court.

5.      Plaintiff be directed to file a motion for attorneys' fees, in compliance with N.D. Fla. Loc. R. 54.1, within **FOURTEEN (14) DAYS** from the date of docketing of the order of the district court after its consideration of this Report and Recommendation.

6.      Upon Plaintiff's filing its calculations of the current balances of the outstanding indebtedness, the clerk be directed to enter judgment in favor of Plaintiff and against Defendants Heinz W. Falke and Elizabeth D. Falke, jointly and severally, in that amount.

At Pensacola, Florida this 8th day of February 2013.


*/s/ Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**


<u>**NOTICE TO THE PARTIES**</u>

**Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).**