IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

CENTENNIAL BANK,
     Plaintiff,
vs.                             Case No.: 5:12cv114/RS/EMT

HEINZ W. FALKE, ELIZABETH D. FALKE, and
MARSHA B. BARBARIA,
     Defendants.
_____/

## REPORT and RECOMMENDATION

This is a diversity action under 28 U.S.C. § 1332 in which Plaintiff Centennial Bank ("Centennial") asserts that Defendants Heinze W. Falke ("H. Falke"), Elizabeth D. Falke ("E. Falke"), and Marsha B. Barbaria ("Barbaria") breached a contract related to a promissory note.[1] Final judgment has been entered in Centennial's favor against H. Falke and E. Falke (*see* docs. 48, 52, 56, and 57), and Centennial's motion for an award of attorneys' fees as the prevailing party has been granted (*see* docs. 58, 63). Upon Centennial's "Amended Motion to Determine an Award of Attorney's Fees" (doc. 65), the matter is now before this court for entry of a Report and Recommendation as to the amount of attorneys' fees to be awarded. H. Falke and E. Falke have not responded. As explained below, the court recommends that Centennial's request for fees in the amount of **$7,122.84** be granted.

## DISCUSSION

The promissory and renewal promissory notes at issue in this case each contain a section titled "Collection Costs and Attorney's Fees" (*see* doc. 1, exhs. 1-1 at 2; 1-2 at 2; and 1-3 at 2). These identical sections provide that if an attorney is hired to collect the note, the borrower "agree[s] to pay

---

[1] Centennial filed a notice of suggestion of bankruptcy as to Defendant Barbaria (doc. 40). Thus, pursuant to 11 U.S.C. § 362, a stay of these proceedings is automatically in effect as to this Defendant only.

any reasonable fee [the lender] incur[s] with such attorney plus court costs . . . ." (*id.*).  The Florida Supreme Court, in <u>Florida Patients' Compensation Fund v. Rowe</u>, 472 So. 2d 1145 (Fla. 1985), adopted the federal lodestar approach to the computation of reasonable attorneys' fees.  *Id.*, at 1150 n.5.  In calculating the lodestar amount, courts should consider the factors listed in Rule 4–1.5(b) of the Florida Rules of Professional Conduct.[2]  *See id.*  "The fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates."  <u>Norman v. Hous. Auth. of City of Montgomery</u>, 836 F.2d 1292, 1303 (11th Cir. 1988).  With respect to rates, an applicant may meet its burden by producing either direct evidence of rates charged under similar circumstances or opinion evidence of reasonable rates.  *Id.* at 1299.  In addition, the Eleventh Circuit has noted that "the court . . . is itself an expert on the question [of attorneys' fees] and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value."  *Id.* at 1303 (quotation and citation omitted).  Local Rule 54.1 of the Northern District of Florida outlines the procedure to be followed with respect to motions for attorneys' fees.  Local Rule 54.1(B), Attorneys' Fees Records, provides in relevant part:

> In any proceeding in which any party is seeking an award of attorneys' fees from the opposing party pursuant to any statute, contract, or law, the party seeking such an award of attorneys' fees shall:
>
> > (1) Maintain a complete, separate, and accurate record of time (to the nearest 1/10 of an hour) devoted to the particular action, recorded contemporaneously with the time expended, for each attorney and each specific activity involved in the action (i.e., not just "research" or "conference"); and

---

[2] The factors to be considered in determining a reasonable fee include: (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly; (2) the likelihood that the acceptance of the particular employment will preclude other employment by the lawyer; (3) the fee, or rate of fee, customarily charged in the locality for legal services of a comparable or similar nature; (4) the significance of, or amount involved in, the subject matter of the representation, the responsibility involved in the representation, and the results obtained; (5) the time limitations imposed by the client or by the circumstances and, as between attorney and client, any additional or special time demands or requests of the attorney by the client; (6) the nature and length of the professional relationship with the client; (7) the experience, reputation, diligence, and ability of the lawyer or lawyers performing the service and the skill, expertise, or efficiency of efforts reflected in the actual providing of such services; and (8) whether the fee is fixed or contingent, and, if fixed as to amount or rate, then whether the client's ability to pay rested to any significant degree on the outcome of the representation.  *See* <u>Florida Patients' Compensation Fund</u>, 472 So. 2d at 1150.

(2) File electronically a summary of such time record with the clerk by the fifteenth (15th) day of each month during the pendency of the action, for work done during the preceding month.

\* \* \* \*

(5) Failure to comply with these requirements will result in attorneys' fees being disallowed for the omitted period.

N.D. Fla. Loc. R. 54.1(B).

Additionally, Local Rule 54.1(E) provides that where the court has awarded fees, the party awarded such fees shall file "an affidavit setting out the requested amount and specifically describing the requested rate of compensation and the numbers of hours spent in the prosecution or defense of the case as are reflected in the monthly reports filed with this court, with sufficient detail to identify the exact nature of the work performed." N.D. Fla. Loc. R. 54.1(E)(1). In support of its claim, the party awarded fees is also required "to file and serve a supporting affidavit from an attorney, familiar with the area of law involved, that the requested rate for hourly compensation is in line with the prevailing market rate for the work performed." N.D. Fla. Loc. R. 54(E)(3). Within fourteen (14) days after service of these affidavits, the parties against whom the fees and costs are being sought "shall file and serve an acceptance or rejection of the amount being claimed . . . ." N.D. Fla. Loc. R. 54(E)(4).

In support of its instant motion, Centennial has supplied the affidavit of attorney Megan F. Fry ("Fry"), who served as Centennial's lead counsel in this case. Fry states that she handles commercial litigation regularly; acceptance of this case did not preclude employment of her law firm (Clark, Partington, Hart, Larry, Bond & Stackhouse) by others; the case imposed no significant time limitations on her; and Centennial is a regular client of her firm, which has a set fee arrangement whereby Centennial agrees to pay the firm a reasonable fee (doc. 65-1 at 2–3). Fry further avers that the number of hours reasonably expended in this case is 22.7 hours for attorneys, at $180.00 to $245.00 per hour, and 24.7 hours for paralegals, at $97.75 to $125.00 per hour (*id.* at 2),[3] for a total amount sought of $7,122.84 for 47.4 hours of work.[4]

---

[3] In her affidavit Fry does not identify the hourly rates paid to each particular timekeeper, nor does she mention by name two other attorneys who, according to the monthly time records submitted by Centennial, also worked on the case: Keith L. Bell and Trevor A. Thompson.

[4] The court takes the figures of 22.7 hours of attorney time and 24.7 hours of paralegal time from Fry's affidavit, not the Summary of Attorney and Non-Attorney Time filed on May 8, 2013, which reflects slightly different

Centennial has also provided the affidavit of local attorney John Trawick ("Trawick") (doc. 65-2). Trawick avers that he handles commercial litigation on a regular basis and that he has reviewed Ms. Fry's affidavit, as well as her file in this case, and that he is familiar with the legal services provided to Centennial. Trawick submits that the hours and the range of hourly rates sought by Centennial are reasonable, taking into consideration the factors set forth in <u>Florida Patients' Compensation Fund</u>, 472 So. 2d at 1145. According to Trawick, based on his experience and training and review of the case, it is his opinion that a reasonable fee for the legal services provided by Centennial's counsel is $7,122.84.

As noted above, H. Falke and E. Falke have not responded to Centennial's instant motion, as instructed by Local Rule 54(E)(4) and this court's order issued June 26, 2013 (doc. 66). Thus, Centennial's request for attorneys' fees in the amount of $7,122.84 is uncontested. Furthermore, based on the above documentation submitted by Centennial, the court concludes that the range of hourly rates sought is reasonable for the work performed, a conclusion the court reaches based on the affidavit provided by Trawick as well as its own knowledge and experience concerning local attorneys' fees.[5] *See* <u>Norman</u>, 836 F.2d at 1299, 1303 (court may use its own experience in assessing the reasonableness of attorneys' fees and may form an independent judgment either with or without expert testimony). Additionally, having reviewed Centennial's time records, the court is satisfied there is no need to reduce the number of hours on the basis they are excessive, redundant, or otherwise unnecessary. *See id.* at 1301.

Accordingly, it is respectfully **RECOMMENDED** that:

1.      Defendant H. Falke and Defendant E. Falke be directed to pay Centennial **$7,122.84** in attorneys' fees.

2.      Judgment be entered accordingly.

---

numbers (*see* doc. 62).

[5] As noted above, Fry's affidavit does not identify the exact hourly rates paid to each timekeeper. Nor does this information appear in the motion or Trawick's affidavit, and the court did not locate the information in the monthly time records submitted by Centennial (*see* docs. 8, 17, 24, 32, 37, 39, 42, 44, 46, and 51). Nevertheless, based on its own experience and knowledge, the court concludes that an hourly rate for Fry of $200.00 and an average hourly rate for paralegals of $105.00 would be reasonable and would result in a fee award of $7133.50, or just slightly greater than the $7,122.84 sought. Moreover, the amount of time attributed to Keith L. Bell (.4 hour total) (doc. 44) and Trevor A. Thompson (.3 hour total) (doc. 51) is relatively negligible. For these reasons, the court concludes that the amount sought for attorneys' fees in this case of $7,122.84 for the legal services provided by Centennial's counsel is reasonable, and therefore it recommends an award in this amount.

At Pensacola, Florida this 10th day of July 2013.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

Any objections to these proposed recommendations must be filed within fourteen (14) days after being served a copy hereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of any objections shall be served upon any other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; <u>United States v. Roberts,</u> 858 F.2d 698, 701 (11th Cir. 1988).